

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0419-14

**ORLANDO SALINAS, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
AND DISCRETIONARY REVIEW ON COURT'S OWN MOTION
FROM THE FOURTEENTH COURT OF APPEALS
HARRIS COUNTY**

**JOHNSON, J., delivered the opinion of the unanimous Court.**

## O P I N I O N

A Harris County jury convicted Appellant Orlando Salinas of causing injury to an elderly individual and assessed a sentence of five years in prison. Tex. Pen. Code § 22.04(a)(3), (f); Tex. Pen. Code § 12.34(a). After sentencing appellant, the trial court assessed a consolidated court cost of $133 pursuant to Texas Local Government Code section 133.102. Relying on this Court's

decision in *Ex parte Carson*, 159 S.W.2d 126 (Tex. Crim. App. 1942),[1] appellant argued that the consolidated court cost of Tex. Local Gov't Code section 133.102 is a tax and is therefore unconstitutional. The trial court overruled appellant's objection.

On appeal, the court of appeals considered appellant's complaints about two evidentiary issues and his challenge to the constitutionality of the consolidated court costs and affirmed the trial court's judgment. *Salinas v. State*, 426 S.W.3d 318 (Tex. App.–Houston [14th Dist.] 2013, pet. granted). Appellant's petition for discretionary appeal raises only the challenge to the constitutionality of the consolidated court costs. We reverse the judgment of the court of appeals and remand the cause to that court so that it may consider appellant's claim of facial unconstitutionality as to the consolidated court costs under the correct standards.

**The Opinion of the Court of Appeals**

In addressing appellant's argument that Section 133.102 was facially unconstitutional, the court of appeals held that

> [i]n any event, appellant's facial constitutional challenge to section 133.102(a)(1) fails for at least two reasons.
> The first reason is that appellant failed to satisfy his burden to show that the statute is invalid in all possible applications because he has not established what the funds designated in section 133.102(e) actually do. Appellant draws inferences from the titles of these funds, makes assumptions about the uses to which the fees are put, and invites us to do the same. We decline this invitation and refrain from assuming, based on fund titles alone, that all uses to which portions of the fees could be put are insufficiently related to the court system.
> The second reason is that appellant fails to address severability principles when he argues that the consolidated court cost amounts to an impermissible "tax" because it is "primarily used to fund non-court programs."

---

[1] In *Carson*, this court held that a $1 court cost intended for a Law Library Fund was neither necessary nor incidental to the trial of a criminal case and was therefore not legitimate. *Carson*, 159 S.W.2d at 127. The *Carson* court also found the cost to be a discriminatory special or local law because it applied to certain counties, namely, Dallas and Harris Counties, but not to other counties similarly situated, such as Tarrant, Bexar, and probably McLennan, El Paso, Galveston, and Jefferson Counties. *Id*. at 127-30.

*Salinas*, 426 S.W.3d at 327. Appellant petitioned this Court for review, and review was granted on whether:

> The Fourteenth Court of Appeals decision regarding the constitutionality of the consolidated court cost on severability grounds (neither raised by the state nor briefed by either party) failed to properly address the merits of the argument.

On this Court's own motion, review was granted on the following question:

> Whether the Fourteenth Court of Appeals decision that "appellant failed to satisfy his burden to show that the statute is invalid in all possible applications because he has not established what the funds designated in [Texas Local Government Code] section 133.102(e) actually do" is erroneous in light of clear precedent from this court in reviewing facial challenges to the constitutionality of a statute.

## The Constitutionality Question

It is well settled that "the constitutionality of a statute is not to be determined in any case unless such a determination is absolutely necessary to decide the case in which the issue is raised." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 909 (Tex. Crim. App. 2011); *see also Ex parte Salfen*, 618 S.W.2d 766, 770 (Tex. Crim. App. 1981). Because the issue raised before this court (whether the court of appeals applied the proper standard in judging appellant's facial challenge to Section 133.102) can be decided without deciding the constitutionality of that statute, we decline to do so. That determination is left to the court of appeals on remand, when it may apply the appropriate standard for a facial challenge to a statute and hold appellant to his proper burden.

## Standard of Review

"Whether a statute is facially constitutional is a question of law that we review de novo." *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). How the court of appeals answered a question of law is itself a question of law that we review de novo. Although we are not asked directly whether Section 133.102 is facially constitutional and thus do not address that question of law, the grounds

for review before us do ask whether, in light of clear precedent from this Court, the court of appeals erred in deciding the question of law at issue.

### Failing to Address Severability Principles

The court of appeals found that appellant failed in his facial challenge to Section 133.102 for two reasons. The first reason was that appellant failed to show that the statute was invalid in all possible applications because he had not established what the funds actually do. The second reason was that appellant failed to address severability principles.

Appellant argues that the court of appeals erred by jumping directly to severability analysis without first deciding whether that part of Section 133.102 was unconstitutional. The state argues that the court of appeals correctly found that Section 133.102 was constitutional before conducting its severability analysis "as a courtesy."

We find that neither party is entirely correct. The court of appeals did not jump directly to severability; it addressed the merits of appellant's claim when it decided, as its first reason that the statute is not facially unconstitutional, that appellant "has not established what the funds designated in section 133.102(e) actually do." On the other hand, severability is clearly not required under our precedents, and the court of appeals improperly made severability analysis a part of appellant's burden when it cited the lack of such an analysis as its second reason for finding that appellant's facial challenge failed.

### Analysis

"[To] prevail on a facial challenge, a party must establish that the statute always operates unconstitutionally in all possible circumstances." *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). Courts are to "consider the statute only as it is written, rather than how it operates in

practice." *State ex rel. Lykos*, 330 S.W.3d at 908; *see also FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 873 (Tex. 2000).

### Severability

A facial attack on the constitutionality of a statute requires only that a party establish that the statute in question operates unconstitutionally in all possible circumstances. While a facial challenge to a statute is "the most difficult challenge to mount successfully,"[2] a court may not make the challenge more difficult by requiring the challenger to also show whether the allegedly unconstitutional part of the statute is severable.[3]

On a more fundamental level, requiring a discussion of severability as a requirement to a finding of facial unconstitutionality puts the cart before the horse. If a statute is constitutional on its face, there is no need to address severability; there is nothing to sever. Only after a determination that part of a statute is invalid will a court have occasion to discuss severability. By requiring appellant to perform an analysis of the severability of the statute, the court of appeals did not "properly address" the merits of appellant's argument as to that issue. We therefore sustain appellant's first ground.

### Failing to Establish What the Funds Actually Do

The court of appeals decided, as its first reason for finding that the statute was not unconstitutional, that "appellant failed to satisfy his burden to show that the statute is invalid in all possible applications because he has not established what the funds designated in [Texas Local

---

[2] *Rosseau*, 396 S.W.3d at 557 (quoting *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992); *Briggs v. State*, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990); *United States v. Salerno*, 481 U.S. 739 (1987).

[3] *Salinas*, 426 S.W.3d at 327 ("appellant failed to satisfy his burden to show that the statute is invalid in all possible applications because he has not established what the funds designated . . . actually do.").

Government Code] section 133.102(e) actually do" and that he drew inferences from the titles of the Section 133.102(e) funds and made assumptions about the uses to which the fees are put. *Salinas*, 426 S.W.3d at 327.[4]  Appellant argues that such evidence was not necessary and that the court of appeals should have relied on only the plain language of the statute.

In a facial challenge to a statute, evidence of how the statute operates in actual practice is irrelevant; courts consider only how the statute is written, not how it operates in practice. *State ex rel. Lykos*, 330 S.W.3d at 908-09; *FM Props. Operating Co.*, 22 S.W.3d at 873; *Karanev v. State*, 281 S.W.3d 428, 441 (Tex. Crim. App. 2009) (Cochran, J., concurring) (facial attack "can and must be made without reference to evidence . . .. Once it does or must refer to specific evidence it has passed out of the 'facial attack' arena and has become something else.").

By requiring appellant to show what the funds actually do, the court of appeals asked for something neither permitted nor required in a facial challenge. Because the court of appeals's decision is clearly erroneous in light of clear precedent from this court, we also sustain the second ground.

**Conclusion**

We find that the court of appeals did address the merits of appellant's arguments.  However, the court of appeals addressed appellant's arguments under an incorrect standard when it required appellant to also address severability principles and to establish what the funds designated in Section

---

[4] From our review of the record, that may have been true as to appellant's initial brief to the court of appeals. C.R. at 1195-1202. However, in his reply brief and amended reply brief, appellant confronts each fund, not based upon just the names of the funds, but through discussion of each of the funds. *Id*. at 1249-64, 1296-1311. The briefs examine the statutes governing the funds and point to statements in the state's appellate brief where the state itself explained the funds, who administers them, and their purposes. Appellant's reply briefs also cite a newspaper article, various state government websites, a report by the Legislative Budget Board, and a resolution by the Texas Judicial Council. The appropriateness of these additional sources, under the rules for facial challenges to a statute that are discussed in this opinion, are for the court of appeals to decide upon remand.

133.102 actually do.  We emphasize that demonstrating what the funds actually do is not the same as demonstrating what the governing statutes say about the intended use of the funds.  *See Peraza v. State,* ___S.W.3d ___ (Tex. Crim. App. 2015).  We reverse the judgment of the court of appeals and remand this case to that court to address the question of whether, based upon the statute as it is written, Section 133.102 is unconstitutional on its face, without regard to severability principles or to evidence of what the funds designated in the statute actually do.

Delivered:  July 1, 2015
Publish