ACCEPTED
14-12-00378-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/31/2015 11:57:18 AM
CHRISTOPHER PRINE
CLERK

# No. 14-12-00378-CR

In the Court of Appeals for the
Fourteenth District of Texas
at Houston

————————◆————————

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

8/31/2015 11:57:18 AM

CHRISTOPHER A. PRINE
Clerk

**No. 1313253**
In the 228th Criminal District Court
Harris County, Texas

————————◆————————

# ORLANDO SALINAS

*Appellant*

V.

# THE STATE OF TEXAS

*Appellee*

————————◆————————

# STATE'S BRIEF ON REMAND
# FROM THE COURT OF CRIMINAL APPEALS

————————◆————————

DEVON ANDERSON
District Attorney
Harris County, Texas

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net


Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
FAX No.: 713/755-5809

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below:

*Complainant, victim, or aggrieved party:*

    **Salvador Salinas, Sr.**

*Counsel for the State:*

    **Devon Anderson** — District Attorney of Harris County

    **Bridget Holloway** — Assistant District Attorney on appeal

*Appellant or criminal defendant:*

    **Orlando Salinas**

*Counsel for Appellant:*

    **Jani Maselli** — Assistant Public Defender at hearing and on appeal

    **R.P. "Skip" Cornelius** —Defense counsel at trial

*Trial Judge:*

    **Honorable Marc Carter** — Presiding Judge at MNT hearing

# TABLE OF CONTENTS

IDENTIFICATION OF THE PARTIES.................................................................................i

TABLE OF CONTENTS........................................................................................................ii

INDEX OF AUTHORITIES................................................................................................ iii

STATEMENT OF THE CASE..............................................................................................1

STATEMENT OF FACTS.....................................................................................................3

    A.   Background...............................................................................................3
    B.   This Court's Opinion .............................................................................3
    C.   Court of Criminal Appeals ....................................................................4

GROUND UPON REMAND ................................................................................................6

> **Whether, In Accordance with *Peraza*, and Based Upon the Statute as it is Written, Section 133.102 is Unconstitutional on its Face, Without Regard to Severability Principles or to Evidence of What the Funds Designated in the Statute Actually Do.**

  Analysis.................................................................................................................6
    A.   Peraza v. State.........................................................................................6
    B.   Section 133.102 ......................................................................................7

PRAYER.................................................................................................................................11

CERTIFICATE OF SERVICE AND WORD LIMIT COMPLIANCE ..................................12

# INDEX OF AUTHORITIES

## CASES

*Ex parte Carson,*
   159 S.W.2d 126 (Tex. Crim. App. 1942) ........................................................3, 6

*LeCroy v. Hanlon,*
   713 S.W.2d 335 (Tex. 1986) ...................................................................... 3

*Peraza v. State,*
   __S.W.3d__, PD-0100-15,
   2015 WL 3988926 (Tex. Crim. App. July 1, 2015)................................. passim

*Salinas v. State,*
   __S.W.3d__, No. PD-0419-14,
   2015 WL 3988955 (Tex. Crim. App. July 1, 2015)................................... 2, 4, 5

*Salinas v. State,*
   426 S.W.3d 318 (Tex. App. —Houston [14th Dist.] 2014),
   *rev.'d & remand by* __S.W.3d__, 2015 3988955 (Tex. Crim. App. July 1, 2015) ........1, 8

*State ex rel. Lykos v. Fine,*
   330 S.W.3d 904 (Tex. Crim. App. 2011)........................................................ 8

*State v. Rosseau,*
   396 W.W.3d 550 (Tex. Crim. App. 2013)...................................................7, 8

## STATUTES

TEX. LOC. GOV'T CODE ANN.
   §133.102(a)(1) (West 2012)..................................................................................8

TEX. LOC. GOV'T CODE ANN.
   §133.102(c) (West 2012)......................................................................................8

TEX. LOC. GOV'T CODE ANN.
   §133.102(e) (West 2012)....................................................................................10

## RULES

TEX. R. APP. P. 38.2(a)(1)(A)......................................................................................i

TO THE HONORABLE COURT OF APPEALS:

## **STATEMENT OF THE CASE**

Appellant, Orlando Salinas, was charged by felony indictment with injury to an elderly. (CR at 10). Appellant entered a plea of "not guilty" to the offense. (RRIII at 6). After the jury found appellant guilty as charged, the judge sentenced appellant to confinement for five years. (CR at 64, 67; RRIV at 215; RRV at 9). This Court affirmed appellant's conviction in a published opinion delivered on December 5, 2013. In response to a motion for rehearing by appellant, this Court withdrew its opinion, issued a new one in its steed, and affirmed appellant's conviction again on March 6, 2014. Justice Jamison issued a published concurring and dissenting opinion. *See Salinas v. State*, 426 S.W.3d 318 (Tex. App. —Houston [14th Dist.] 2014), *rev.'d & remand by* __S.W.3d__, 2015 3988955 (Tex. Crim. App. July 1, 2015).

The Court of Criminal Appeals granted the following two grounds for review on September 17, 2014:

1. The Fourteenth Court of Appeals decision regarding the constitutionality of the consolidated court cost on severability grounds (neither raised by the State nor briefed by either party) failed to properly address the merits of the argument.

2. Whether the Fourteenth Court of Appeals decision that the "appellant failed to satisfy his burden to show that the statute is invalid in all possible applications because he has not established

what the funds designated in [Texas Local Government Code] section 133.102(e) actually do" is erroneous in light of clear precedent from this court in reviewing facial challenges to the constitutionality of a statute.

On July 1, 2015, the Court of Criminal Appeals issued an opinion, sustaining both of appellant's issues, and reversing and remanding to this Court. *See Salinas v. State*, __S.W.3d__, No. PD-0419-14, 2015 WL 3988955 (Tex. Crim. App. July 1, 2015). Subsequently, this Court has ordered the parties to address the application of *Peraza v. State*, __S.W.3d__, PD-0100-15, 2015 WL 3988926 (Tex. Crim. App. July 1, 2015) upon remand.

Because the $133 consolidated court cost assessed under Section 133.102 of the Local Government Code was to reimburse the State for prosecuting appellant on a felony offense and conviction, and because Section 103.102(e) outlines the allocation of monies to certain "legitimate criminal justice purposes" all "related to the administration of our criminal justice system," Section 133.102 is not unconstitutional and the trial court did not err in denying appellant's motions for new trial and in arrest of judgment.

————————◆————————

2

## STATEMENT OF FACTS

### A. Background

A jury found appellant guilty of the felony of elderly abuse. (RRIV at 215). Handwritten on appellant's judgment and sentence is "$304.00" in court costs. (CR at 67). Five days after the judgment and sentence, appellant filed a "motion for bill of costs to be part of clerk's record on appeal." (CR at 76). Thereafter, the trial court ordered the district clerk's office to file a certified bill of costs. (CR at 81). A certified bill of costs, showing $304.00 total amount owed in court costs, was filed. (CR at 83). Appellant then filed a motion for new trial and a motion in arrest of judgment, contesting the constitutionality of $133.00 in "consolidated court cost." (CR at 83-261). Appellant's motions were denied and appellant appealed. (RRVII at 9).

### B. This Court's Opinion

On appeal, relying on *Ex parte Carson*, 159 S.W.2d 126 (Tex. Crim. App. 1942) and *LeCroy v. Hanlon*, 713 S.W.2d 335 (Tex. 1986), appellant argued the mandatory $133 consolidated court cost acts as an unconstitutional tax because most of that money, once collected, will be destined for accounts and funds that were not "necessary or incidental" to the function of the courts. The State responded that

3

the division and destination of the money collected for prosecuting convicted defendants did not transform the cost into a tax and all programs receiving a portion of the cost assists in the improvement of the criminal justice system.

This Court held that appellant's facial constitutional challenge to the statute failed for two reasons: (1) appellant failed to satisfy his burden to show the statute was "invalid in all possible applications because he has not established what the funds designated in section 133.102(e) actually do;" and (2) even assuming some of the destinations are not directly related to functions of the court system, because the money can be collected in accordance with severability principles, appellant has not shown that the statute always operates unconstitutionally as a tax or that the entirety of the $133 should be deleted from the trial court's judgment.

## C. Court of Criminal Appeals

In a rather short opinion, the Court of Criminal Appeals noted that the issue before it was whether this Court applied the proper standard to appellant's facial challenge to section 133.102. *See Salinas*, 2015 WL at *2. The Court answered in the negative. First, the Court concluded this Court did not properly address appellant's argument by requiring him "to perform an analysis of the severability of the statute," which is only necessary after a court finds a statute unconstitutional

on its face, which this Court never found. *See id.* at \*3. Second, by finding the statute not unconstitutional because appellant failed to establish what the funds actually do, which is irrelevant in a facial challenge to a statute, this Court further improperly addressed appellant's argument on appeal. *See id.* at \*3-4. The Court of Criminal Appeals concluded by stating: "We emphasize that demonstrating what the funds actually do is not the same as demonstrating what the governing statutes say about the intended use of the funds." *See id.* at \*4. The Court then reversed the judgment and remanded this case for this Court to address the following issue:

> [W]hether, based upon the statute as written, Section 133.102 is unconstitutional on its face, without regard to severability principles or to evidence of what the funds designated in the statute actually do.

*See id.*

———————◆———————

## GROUND UPON REMAND

**Whether, In Accordance with *Peraza*, and Based Upon the Statute as it is Written, Section 133.102 is Unconstitutional on its Face, Without Regard to Severability Principles or to Evidence of What the Funds Designated in the Statute Actually Do.**

## ANALYSIS

### A. Peraza v. State

Simultaneous with the remand in this case, the Court of Criminal Appeal's issued its opinion in *Peraza*. In *Peraza*, the Court of Criminal Appeals granted the State's petition for discretionary review to address whether a court cost labeled "DNA record fee," assessed pursuant to article 102.020, is an unconstitutional tax. *See id.*, 2015 WL at *1. The $250 cost was mandatory upon Peraza's convictions for aggravated sexual assault of a child under the age of 14. Much like here, and also relying on *Ex parte Carson*, Peraza argued the DNA record fee was an unconstitutional tax based upon the disbursement of the fee after collection, including portions to the state highway fund and criminal justice planning account. *See id.* at *1-3.

Disagreeing with the First Court of Appeals' opinion in *Peraza*, the Court of Criminal Appeals noted a statute is not facially unconstitutional because there might potentially be some remote circumstance in which it may be applied

6

unconstitutionally; rather, a statute is facially unconstitutional "only if it 'always operates unconstitutionally in all possible circumstances.'" *See id.* at *5 (quoting *State v. Rosseau,* 396 S.W3d 550, 556 (Tex. Crim. App. 2013)).

Revisiting *Carson*, the Court found the "necessary" and "incidental" test for determining whether a court cost is constitutional "too limiting" in the 73 years since *Carson* was decided and after much change in the prosecution of criminal cases and our criminal justice system. *See Peraza,* 2015 WL at *6. *Carson,* therefore, is no longer controlling authority. Instead, the test going forward is whether the allocation of court costs assessed is to be expended for "legitimate criminal justice purposes," defined as "one that relates to the administration of our criminal justice system." *See id.* at *7. *Peraza* held that the funds collected as court costs under Article 102.020, labeled as "DNA record fee," allow for funds to be expended for legitimate criminal justice purposes and therefore operates constitutionally. *See id.* at *10.

## B. Section 133.102

Appellant argued to this Court and the Court of Criminal Appeals that Section 133.102(a)(1) of the Local Government Code was facially unconstitutional under the separation of powers clause of the Texas Constitution "[b]ecause the [$133] consolidated court cost is primarily used to fund non-court programs" and

7

effectively impermissibly compels courts to collect a "tax." This Court properly observed that "to prevail on a facial challenge, a party must establish that the statute always operates unconstitutionally in all possible circumstances." *See Salinas*, 426 S.W.3d at 326; *see also Rosseau*, 396 W.W.3d at 557. This Court also correctly explained that the analysis of a statute's constitutionality "must begin with the presumption that the statute is valid and that the Legislature did not act arbitrarily or unreasonably in enacting it." *See id.* Thus, appellant, as the individual challenging the statute, has the burden to establish its unconstitutionality. In a facial challenge to a statute's constitutionality, courts consider the statute only as it is written, rather than how it operates in practice. *See Peraza*, 2015 WL at \*4; *see also State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011).

Under Section 133.102 of the Local Government Code, every person convicted of a felony is assessed a consolidated court cost of $133.00. *See* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West 2012). Section 133.102(c) states that the money collected for the consolidated court costs be allocated as stated in Subsection (e). TEX. LOC. GOV'T CODE ANN. § 133.102(c) (West 2012). Subsection (e) requires the Comptroller of Public Accounts to deposit specified percentages of money received from the consolidated court cost to the following funds and accounts:

- Abused Children's Counseling;

- Crime Stoppers Assistance;

- Breath Alcohol Testing;

- Bill Blackwood Law Enforcement Management Institute;

- Law Enforcement Officers Administrative and Continuing Education;

- Comprehensive Rehabilitation;

- Operator's and Chauffeur's License (now Law Enforcement and Custodial Officer Supplemental Retirement Fund[1]);

- Criminal Justice Planning;

- An Account in the State Treasury to be Used Only for the Establishment and Operation of the Center for the Study and Prevention of Juvenile Crime and Delinquency at Prairie View A&M University;

- Compensation to Victims of Crime Fund;

- Emergency Radio Infrastructure Account;

- Judicial and Court Personnel Training Fund;

- An Account in the State Treasury to be Used for the Establishment and Operation of the Correctional Management Institute of Texas and Criminal Justice Center Account; and

---

[1] Change took effect September 1, 2013.

- Fair Defense Account.

TEX. LOC. GOV'T CODE ANN. § 133.102(e) (West 2012).

Under subsection (e) of Section 133.102, every single fund or account can be labeled as a "legitimate criminal justice purpose" "relate[d] to the administration of our criminal justice system." *See Peraza*, 2015 WL at *7. By appellant focusing on where the funds "might actually go" is irrelevant. This Court is to "consider only how the statute is written, not how it operates in practice." *See Salinas*, 2015 WL at *4.

Because the $133 consolidated court cost assessed under Section 133.102 of the Local Government Code was to reimburse the State for prosecuting appellant on a felony offense and conviction, and because Section 103.102(e) outlines the allocation of monies to certain "legitimate criminal justice purposes" all "related to the administration of our criminal justice system," Section 133.102 is not unconstitutional and the trial court did not err in denying appellant's motions for new trial and in arrest of judgment.

Appellant's conviction and court cost of $304.00 should be affirmed.

———————◆———————

## **PRAYER**

The State respectfully requests this Court find Section 133.102 of the Local Government Code constitutional and (re)affirm appellant's conviction and $304.00 in court costs.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ *Bridget Holloway*

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
1201 Franklin Suite 600
Houston, Texas  77002
(713) 755-5826
Texas Bar No.  24025227
holloway_bridget@dao.hctx.net

11

## CERTIFICATE OF SERVICE AND WORD LIMIT COMPLIANCE

This is to certify: (a) that the word count of the computer program used to prepare this document reports that there are 2501 words in the document; and (b) that the undersigned attorney requested that a copy of this document be served to the following attorneys via TexFile at the following email on August 31, 2015:

Jani Maselli
Assistant Public Defender
Email: jani.maselli@pdo.hctx.net

/s/ *Bridget Holloway*

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net

12