**Orlando SALINAS, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14–12–00378–CR**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion on Remand filed
January 28, 2016

Jani J. Maselli Wood, Houston, TX, for Appellant.

Bridget Holloway, Houston, TX, for The State of Texas.

Panel consists of Justices Boyce, Jamison and Busby.

## OPINION ON REMAND

William J. Boyce, Justice

This appeal arises from appellant Orlando Salinas's conviction for injury to an elderly person and comes to us on remand from the Court of Criminal Appeals of Texas. *See Salinas v. State*, 464 S.W.3d 363 (Tex.Crim.App.2015). The sole issue on remand is whether, "based upon the statute as it is written, Section 133.102 [of the Texas Local Government Code] is unconstitutional on its face, without regard to severability principles or to evidence of what the funds designated in the statute actually do." *Id.* at 368. We affirm.

## BACKGROUND

A jury found appellant guilty of the offense of injury to an elderly person, and the trial court sentenced appellant to five years in prison. *Salinas v. State*, 426 S.W.3d 318, 321 (Tex.App.–Houston [14th Dist.] 2014), *rev'd*, 464 S.W.3d 363 (Tex. Crim.App.2015). The trial court also assessed court costs against appellant. *Salinas*, 426 S.W.3d at 322. In the certified bill of costs, $133 was assessed against appellant as a "consolidated court cost." *Id.* Appellant complained to the trial court regarding these costs in a motion for new trial, motion in arrest of judgment, and a hearing on the motions. *Id.* The trial court overruled these objections. *Id.*

In the original appeal to this court, appellant challenged his conviction, contending that the trial court erred by (1) permitting expert testimony on victim recantation; (2) admitting hearsay testimony under the excited utterance exception; and (3) assessing a "consolidated court cost" against him pursuant to section 103.102(a)(1) of the Texas Local

Government Code because section 133.102 is facially unconstitutional under the separation of powers clause of the Texas Constitution. *Id.* at 321, 325. This court rejected all three issues raised by appellant and affirmed the trial court's judgment. *Id.* at 323–28.

As pertinent to this remand, we rejected appellant's argument that (1) the uses specified in section 133.102(e) for the court cost collected under section 133.102(a)(1) include uses that are not properly characterized as "costs of court;" and (2) the imposition of fees that do not represent "costs of court" impermissibly requires the judicial branch to perform an executive function by collecting a tax. *Id.* at 325–26.

Appellant petitioned and obtained discretionary review before the Texas Court of Criminal Appeals, which reversed this court's judgment and remanded this case to this court to "address the question of whether, based upon the statute as it is written, Section 133.102 is unconstitutional on its face, without regard to severability principles or to evidence of what the funds designated in the statute actually do."[1] *Salinas,* 464 S.W.3d at 368.

## ANALYSIS

### I. Standard of Review and Applicable Law

The burden rests upon the party who challenges a statute to establish its unconstitutionality. *Peraza v. State,* 467 S.W.3d 508, 514 (Tex.Crim.App.2015), *petition for cert. filed,* — U.S.L.W. — (U.S. Dec. 11, 2015) (No. 15–7367). When reviewing the constitutionality of a statute, the court commences with the presumption that such statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting the statute. *Id.* The court "must seek to interpret a statute such that its constitutionality is supported and upheld." *Id.* "A reviewing court must make every reasonable presumption in favor of the statute's constitutionality, unless the contrary is clearly shown." *Id.*

"A facial challenge is an attack on a statute itself as opposed to a particular application." *City of Los Angeles v. Patel,* — U.S. —, 135 S.Ct. 2443, 2449, 192 L.Ed.2d 435 (2015). To prevail on a facial challenge, a party generally must establish that the statute always operates unconstitutionally in all possible circumstances. *Salinas,* 464 S.W.3d at 367. In a facial challenge to a statute, evidence of how the statute operates in actual practice is irrelevant; courts consider only how the statute is written, not how it operates in practice. *Id.* at 368

Section 133.102(a)(1) of the Texas Local Government Code mandates that a person convicted of a felony must pay $133 "as a court cost, in addition to all other costs." *See* Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (Vernon Supp.2015). The Local Government Code requires the comptroller to allocate the proceeds collected among the following fourteen "accounts and funds":

(1) abused children's counseling

(2) crime stoppers assistance

(3) breath alcohol testing

(4) Bill Blackwood Law Enforcement Management Institute

(5) law enforcement officers standards and education

(6) comprehensive rehabilitation

(7) law enforcement and custodial officer supplemental retirement fund

---

1. This court's determinations regarding appellant's two evidentiary issues were not disturbed. *See Salinas,* 464 S.W.3d at 365, 368.

(8) criminal justice planning

(9) an account in the state treasury to be used only for the establishment and operation of the Center for the Study and Prevention of Juvenile Crime and Delinquency at Prairie View A & M University

(10) compensation to victims of crime fund

(11) emergency radio infrastructure account

(12) judicial and court personnel training fund

(13) an account in the state treasury to be used for the establishment and operation of the Correctional Management Institute of Texas and Criminal Justice Center Account

(14) fair defense account.

*See id.* §§ 133.102(b), (e) (Vernon Supp. 2015). Subsection (e) provides that the designated funds "may not receive less than" certain specified percentages of the collected amounts. *Id.* § 133.102(e).

## II. Constitutionality of Local Government Code Section 133.102

Appellant primarily relied on *Ex parte Carson,* 143 Tex.Crim. 498, 159 S.W.2d 126, 127 (1942), to establish that section 133.102 is facially unconstitutional, *i.e.,* that "the statute always operates unconstitutionally in all possible circumstances." *Salinas,* 426 S.W.3d at 326. Appellant argued that only two of the uses specified in section 133.102(e) for the court cost collected under section 133.102(a)(1) "have a direct link to the function of criminal court system operations," and the remaining 12 uses specified in section 133.102(e) are "unrelated to the criminal court system."

In *Ex parte Carson,* the Court of Criminal Appeals invalidated a statute requiring the collection of $1 in costs in civil and criminal cases in certain counties to fund law libraries in those counties because (1) the $1 cost was "neither necessary nor incidental to the trial of a criminal case [and thus was] not a legitimate item to be so taxed" against a criminal defendant; (2) the statute was a local or special law, which the state legislature was not authorized to enact; and (3) collection of this cost only from defendants in certain counties was discriminatory. 159 S.W.2d at 127, 129–30.

After we issued our opinion in appellant's original appeal, the Court of Criminal Appeals rejected a *Carson*-based facial constitutional challenge in *Peraza v. State,* 467 S.W.3d at 518–19. The court "reject[ed] *Carson'*s requirement that, in order to pass constitutional muster, the statutorily prescribed court cost must be 'necessary' or 'incidental' to the 'trial of a criminal case.'" *Id.* at 517. The court held that, "if the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for legitimate criminal justice purposes, then the statute allows for a constitutional application that will not render the courts tax gatherers in violation of the separation of powers clause." *Id.* It explained that a criminal justice purpose is one that "relates to the administration of our criminal justice system." *Id.* at 517–18. Whether a criminal justice purpose is "legitimate" is to be answered on a statute-by-statute and case-by-case basis. *Id.* at 518.

In light of *Peraza,* the issue we consider on remand is not whether the funds enumerated in section 133.102(e) are necessary or incidental to the trial of a criminal case. Rather, the issue is whether those funds relate to the administration of the criminal justice system. *See id.* at 517–18.

The State argues on remand that section 133.102 is constitutional and that the trial court did not err in denying appellant's motions for new trial and in arrest of judgment. Under subsection 133.102(e), according to the State, "every single fund or account can be labeled as a 'legitimate criminal justice purpose' 'relate[d] to the administration of our criminal justice system.'" Appellant contends on remand that there are "at least three costs that do not comply with the new more relaxed CCA standard" set out in *Peraza.* Appellant contends that the cost allocations under section 133.102 to "abused children's counseling," "law enforcement officers standards and education," and "comprehensive rehabilitation" do not comply with the new standard pronounced in *Peraza* and render the "entire statute unconstitutional."

Applying *Peraza,* we conclude that allocation to the funds for "abused children's counseling," "law enforcement officers standards and education," and "comprehensive rehabilitation" is constitutional. *See Penright v. State,* 477 S.W.3d 494, 496–99 (Tex.App.–Houston [1st Dist.] 2015, no pet. h.). As *Penright* noted, several interconnected Texas statutes dictate the manner in which most of the proceeds collected under section 133.012(a) are to be expended. *Id.* at 498.

Section 133.102(e)(5) directs the comptroller to allocate 5.0034% of the proceeds received to "law enforcement officers standards and education." Tex. Loc. Gov't Code Ann. § 133.102(e)(5). Two-thirds of these proceeds may be used "only to pay expenses related to continuing education" for law enforcement officers licensed under Chapter 1701 of the Occupations Code, and the remaining third may be used only to pay related administrative expenses. *See id.* § 133.102(f) (Vernon Supp.2015).

Section 133.102(e)(6) directs the comptroller to allocate 9.8218% of the proceeds received to "comprehensive rehabilitation." *Id.* § 133.102(e)(6). These proceeds may be used only to provide rehabilitation services directly or through public resources to individuals determined by the department to be eligible for the services under a vocational rehabilitation program or other program established to provide rehabilitation services, as described in Human Resources Code section 111.052. Tex. Hum. Res.Code Ann. §§ 111.052, 111.060 (Vernon Supp.2015).

These interconnected statutes direct the comptroller to allocate the proceeds collected under section 133.102(e)(5) and (6) to uses that relate to the administration of our criminal justice system and are thus legitimate criminal justice purposes under *Peraza. See Penright,* 477 S.W.3d at 500 (citing *Peraza,* 467 S.W.3d at 517–18). And "[a]lthough no current statute mandates how the .0088% of the proceeds allocated to abused children's counseling under section 133.102(e)(1) may be spent, abused children's counseling on its face relates to the administration of our criminal justice system by providing resources for victimized children." *Id.*

Appellant has failed to establish that it is not possible for subsections 133.102(e)(1), (5), and (6) to operate constitutionally in any circumstance. *See id.; see also Peraza,* 467 S.W.3d at 519 (appellant failed to meet burden to establish that it was not possible for court cost provision to operate constitutionally in any circumstance where interconnected statutory provisions provided for funds to be expended for legitimate criminal justice purposes). We hold that appellant has not met his burden to prevail on his facial challenge by establishing that section 133.102 always operates unconstitutionally in all possible circumstances. Accordingly, the trial

court did not err in denying appellant's motions for new trial and in arrest of judgment.

CONCLUSION

We affirm the trial court's judgment.