

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0170-16

**ORLANDO SALINAS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS
## HARRIS COUNTY

YEARY, J., filed a dissenting opinion in which RICHARDSON and NEWELL, JJ., joined.

In this case the Majority decides that one of two subsections of a Texas statute is facially unconstitutional, not because the language of the subsection itself irreconcilably conflicts with the language of the Texas Constitution, but because of information the Majority observed on a website. It then declares a second subsection of the statute to be facially unconstitutional because, after monies are collected pursuant to the language of the statute, another, different statute directs those monies to be allocated to an agency that might

possibly be capable of using some of those allocated funds for a non-criminal justice purpose (although Appellant has offered this Court no concrete examples of that occurring). In neither instance does the Majority demonstrate that the language of the statutory subsections are in actual conflict with the Constitution. In fact, at one point, the Majority suggests to the Legislature that it might save the subsections at issue if the Legislature were only to enact yet another separate statute that "redirects the funds to a legitimate criminal justice purpose." Majority Opinion at 15 n.54.

The Majority errs by failing to acknowledge and apply the proper standard of review attached to claims that statutes are facially unconstitutional. The Majority observes that a "facial challenge to a statute is a challenge to the statute in all of its applications." Majority Opinion at 4. I take no issue with that claim, but more must be said. The truth is that a statute must not be found to be facially unconstitutional unless the proponent of the claim can satisfy the reviewing court that there is no possible application of the statute that is constitutional. *State v. Johnson*, 475 S.W.3d 860, 864 (Tex. Crim. App. 2015) (citing *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 & n.6 (2008) for the proposition that "a facial challenge to the constitutionality of a statute can succeed only when it is shown that the statute is unconstitutional in all of its applications."). The Majority's failure to acknowledge and apply that standard here has led it to err.

The Consolidated Fees on Conviction statute found in the Local Government Code requires the collection of fees in criminal cases and the allocation of those fees to various

accounts and funds. TEX. LOC. GOV'T CODE § 133.102. On discretionary review, Appellant challenges the facial constitutionality of that statute based upon two subsections of the statute that allocate small percentages of the fees collected to two distinct accounts: (1) Subsection (e)(1), allocating 0.0088 percent to abused children's counseling; and (2) Subsection (e)(6), allocating 9.8218 percent to comprehensive rehabilitation. TEX. LOC. GOV'T CODE § 133.102(e)(1) & (6).  Appellant claims these subsections violate the separation of powers clause in the Texas Constitution. TEX. CONST. art. II, § 1.

In *Peraza v. State*, this Court very recently held that, "if the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for legitimate criminal justice purposes, then the statute allows for a constitutional application that will not render the courts tax gatherers in violation of the separation of powers." *Peraza v. State*, 467 S.W.3d 508, 517 (Tex. Crim. App. 2015). In that case, we looked beyond the statute at issue—the DNA record fee, which seemed on its face to be at least potentially unconstitutional in that it directed one portion of money collected pursuant to its terms to be deposited to the criminal justice planning account and another portion to the state highway fund—in order to save it; we did not look beyond the statute at issue there in order to find a reason to declare it unconstitutional. We also said there, that in order "[t]o determine whether a statute always operates unconstitutionally in all possible circumstances, we must look to see if there are potential applications of the statute that are constitutionally valid." *Id.* at 516. We did not ask whether there might be any conceivable

applications of the statute that might be unconstitutional. The Majority in this case looks beyond the challenged statute at issue, and determines that some of the uses to which the fees might be put, after they are collected and allocated, might not serve what it deems to be legitimate criminal justice purposes; so it declares the statutory subsections facially unconstitutional.

With regard to Subsection (e)(1), the Majority examines the history of the "abused children's counseling" account, noting that it was "moved to its current place in Local Government Code § 133.102" after the repeal of a predecessor statute in January of 2004. Majority Opinion at 9. The Majority then observes that "[t]he Comptroller's website says that the money collected for abused children's counseling is deposited in the General Revenue Fund."[1] Majority Opinion at 9-10. It then declares, "The result of these legislative actions is that . . . the program to which the funds are directed no longer exists . . . ." *Id*. at 10. The Majority finally decides, "We cannot uphold the constitutionality of funding this account through court costs . . . ." *Id*.

First, it is not up to us to "uphold" or not to "uphold" the constitutionality of this statute. It is Appellant's burden to persuade us that there is no possible application of the

---

[1] In fact, a note on the website identified by the Majority opinion suggests that the fee is now actually deposited to "*unappropriated* General Revenue." *See* Texas Comptroller Manual of Accounts - Fiscal 2017, Revenue Object 3704 - Court Costs - Abused Children's Counseling, https://fmcpa.cpa.state.tx.us/fiscalmoa/rev.jsp?num=3704&id=13048 (emphasis added). The Majority makes no attempt to explain the difference between General Revenue and Unappropriated General Revenue, or even attempt to ascertain whether there is a difference that might impact the resolution of this case. But more importantly, neither has the Appellant.

statute that is constitutional. Appellant has not persuaded me. Counseling abused children, it seems to me, is a legitimate criminal justice purpose. The Majority takes issue with the fact that the office of the Texas Comptroller claims on its website that it currently directs these funds to the "General Revenue Fund." But the Comptroller's website actually claims that they are deposited to "*unappropriated* General Revenue." *See* note 1, *supra*. The place where the Comptroller currently deposits the funds does not affect the facial constitutionality of the statute at issue here. I agree with the justices of the First and Fourteenth Courts of Appeals who concluded that, "[a]lthough no current statute mandates how the .0088% of the proceeds allocated to abused children's counseling under [S]ection 133.102(e)(1) may be spent, abused children's counseling on its face relates to the administration of our criminal justice system by providing resources for victimized children." *Penright v. State*, 477 S.W.3d 494, 500 (Tex. App.—Houston [1st Dist.] 2015) (Justice Huddle writing for the majority, joined by Chief Justice Radack and Justice Massengale); *accord Salinas v. State*, 485 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2016) (Justice Boyce writing for the majority, joined by Justices Jamison and Busby).

Regardless, the ultimate use of the funds collected and allocated pursuant to Section 133.102 cannot make the statute under which the funds were collected and allocated unconstitutional. The Comptroller could use the funds allocated under Section 133.102(e)(1) to fund counseling for abused children. And even if it does not, the Comptroller could be depositing these funds in general revenue only because, for the time being, the Legislature

has not provided for an alternative place to put the funds. In any event, the Appellant has failed to demonstrate that these funds will not be used to fund counseling for abused children or that the collection and allocation of these funds do not serve a legitimate criminal justice purpose. Consequently, Appellant has failed to overcome his burden to show that there is no possible constitutional application of the law.

With regard to Subsection (e)(6), the Majority observes that "the 'Comprehensive Rehabilitation' account is a general revenue fund dedicated to 'provide rehabilitation services [. . .] to individuals determined . . . to be eligible for the services under a vocational rehabilitation program or other program established to provide rehabilitation services.'" Majority Opinion at 6 (quoting TEX. HUM. RES. CODE §§ 111.052(a), 111.060(a)). It then declares, in a rather perfunctory fashion, that "[t]he statute does not, on its face, appear to serve a legitimate criminal justice purpose" because the rehabilitative services are administered by the Health and Human Services Commission (HHSC), and the HHSC's mission is not restricted by statute to criminal justice. Majority Opinion at 6-7. But the Majority implicitly acknowledges that HHSC does provide services to victims of crime. *See* Majority Opinion at 7 ("HHSC does not . . . provide rehabilitation services *only* to victims of crime."). Even if some of the services that HHSC provides do not directly serve criminal justice purposes, that does not mean that none of them do. Once again, Appellant has failed to overcome his burden to show that there is no possible constitutional application of Section 133.102(e)(6).

The Majority says that "courts are delegated a power more properly attached to the executive branch if a statute turns the courts into 'tax gatherers,' but the collection of fees in criminal cases is part of the judicial function 'if the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for a legitimate criminal justice purpose.'" Majority Opinion at 4 (quoting *Peraza*, 467 S.W.3d at 517). The fees collected and allocated by the statutory subsections assailed by the Appellant in this case are collected and allocated for legitimate criminal justice purposes. They are not taxes.[2]

---

[2] The statute at issue in *Peraza* was Article 102.020 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 102.020. Subsection (a) of that provision required the payment of court costs of a certain amount for certain specified offenses. Subsection (e) was the critical provision, for it earmarked that fee for specific purposes, namely 1) the state highway fund, and 2) the criminal justice planning account in the general revenue fund. Particularly with respect to the proportion of the fee dedicated to the state highway fund, it was unclear from the face of Article 102.020 how those monies would go to a legitimate criminal justice purpose. But the burden was on the appellant to show they would *not*, and we held that we could look to an "interconnected statute" to determine whether at least some of the monies would necessarily be dedicated to such a purpose. Finding such an "interconnected statute," we held that Article 102.020 was not unconstitutional on its face. Thus, *Peraza* stands for the proposition that an "interconnected statute" may serve to *refute* any notion that a particular court cost is facially unconstitutional because it is really nothing more than a tax. It is not at all clear to me that an "interconnected statute" can definitively *establish* that the statute that assesses the particular cost is necessarily unconstitutional in *all* of its applications.

Here, we face a statute that is not manifestly unconstitutional on its face. Subsection (a) of Section 133.102 of the Local Government Code assesses a flat cost of variable amounts depending upon the degree of offense a person is convicted of. TEX. LOC. GOV'T CODE § 133.102. Subsection (e) of that provision then allocates a certain percentage of those monies to discrete funds or accounts, most of which have obviously legitimate criminal justice purposes. Thus, the statute as a whole has at least some legitimate non-tax purposes, and is not facially unconstitutional to that extent. Are the two subsections at issue here themselves facially unconstitutional? *Peraza* establishes that it is the appellant's burden to show that they are. Moreover, under *Peraza*, it may be possible to point to certain "interconnected statutes" to *refute* the notion that they *lack* any legitimate criminal justice purpose. But, unless the interconnected statutes can affirmatively establish that *none* of the

Appellants have brought a challenge to the facial constitutionality of a statute compelling the collection and allocation of certain fees. Instead of examining the facial constitutionality of the statute, the Majority has examined the uses to which fees collected and allocated under the statute are put. We are not examining here the constitutionality of the uses to which the fees collected and allocated under the statute are put. We are examining the facial constitutionality of laws passed by the Legislature of our state and approved by our Governor. More respect and deference is owed to those enactments than the Majority has shown them here. I respectfully dissent.

FILED:      March 8, 2017
PUBLISH

---

proportion of the monies allocated to that particular fund or account can *possibly* serve a legitimate criminal justice purpose, I fail to see how they can serve to *satisfy* an appellant's burden to establish facial unconstitutionality, as opposed to refuting it. And what is more, if there is an interconnected statute that ultimately funnels *all* of the monies to a purpose that is manifestly *not* related to a legitimate criminal justice purpose, that may only go to show that the interconnected statute *itself* is unconstitutional, not invariably that the statute that originally assessed the cost is. In any event, for the reasons explained in the text, I do not believe that Appellant has shown that the interconnected statutes at issue in this case foreclose the use of the assessed funds for all legitimate criminal justice purposes.