Justice Keyes, concurring in part and dissenting in part.
OPINION DISSENTING FROM DENIAL OF REHEARING
Evelyn V. Keyes, Justice
I respectfully dissent from the panel majority's denial of rehearing. I agree with the State's argument in its Motion for Rehearing that we erred in holding unconstitutional Texas Code of Criminal Procedure article 102.008(a), which, upon conviction, provides for the assessment of a $25 fee "for the trying of [a misdemeanor] case by the district or county attorney." See TEX. CODE CRIM. PROC. ANN . art. 102.008(a) (West 2018). I would hold that the trial court did not err in including the fee in the bill of cost assessed against appellant Nelson Alberto Hernandez. Accordingly, I would grant rehearing, withdraw the August 10, 2017 panel opinion insofar as it opines and rules upon the constitutionality of Code of Criminal Procedure article 102.008(a), supplement that part of the August 10, 2017 opinion with this opinion, and affirm the judgment of the trial court in its entirety.
A. Standard of Review of Constitutionality of a Statute
A person challenging the constitutionality of a statute has the burden of establishing its unconstitutionality. Peraza v. State , 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). The reviewing court must "commence with the presumption that such statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting the statute." Id. (quoting Ex parte Granviel , 561 S.W.2d 503, 511 (Tex. Crim. App. 1978) ). The court must "make every reasonable presumption in favor of the statute's constitutionality, unless the contrary is clearly shown." Id. To establish that a statute is facially unconstitutional, as appellant seeks to do here, the challenger must demonstrate that "no set of circumstances exists under which that statute would be valid." Id. We should consider "the statute only as it is written, rather than how it [may operate] in practice[.]" Id. at 515 (quoting State ex rel. Lykos v. Fine , 330 S.W.3d 904, 908 (Tex. Crim. App. 2011) ).
B. Constitutionality of Code of Criminal Procedure Article 102.008(a)
In his third point of error, appellant contends-and the August 10, 2017 panel opinion agrees-that the $25 court cost assessed against him as a "district attorney" fee in the bill of costs is unconstitutional because the court cost is not expended for criminal justice purposes and thus it "renders the court a tax gatherer in violation of the separation of powers." Hernandez v. State , 562 S.W.3d 500, 508, No. 01-16-00755-CR, 2017 WL 3429414, at *6 (Tex. App.-Houston [1st Dist.] Aug. 10, 2017, no pet. h.). I believe this conclusion rests upon an incomplete reading of the statutory scheme and the misinterpretation of governing case law.
The panel opinion correctly states, " Article 102.008(a) of the Code of Criminal Procedure provides, with an exception not applicable here, that 'a defendant convicted of a misdemeanor ... shall pay a fee of $25 for the trying of the case by the district or county attorney.' " Id. (quoting TEX. CRIM. PROC. CODE ANN . art. 102.008 ). Relying on the Court of Criminal Appeals' opinion in Peraza , the panel opinion reasoned *518 that "the collection of fees in criminal cases is a part of the judicial function 'if the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for legitimate criminal justice purposes,' " and, accordingly, the collection of such fees does not violate the separation of powers clause in the Texas Constitution by improperly assigning an executive power to the judicial branch. See itation index="105" url="https://cite.case.law/citations/?q=2017%20WL%203429414">id. (quoting Peraza , 467 S.W.3d at 517 ). I agree.
However, having correctly stated the text of Article 102.008, the panel opinion veers off into an analysis that misapprehends and mischaracterizes the applicable statutory scheme and that misconstrues and misapplies the Court of Criminal Appeals' holding in Salinas v. State , 523 S.W.3d 103 (Tex. Crim. App. 2017). Incorrectly construing article 102.008 to be the only statute directing the $25 fee, the opinion declares, "The statute does not state where the $25 fee is to be directed." Hernandez , 562 S.W.3d at 508, 2017 WL 3429414, at *6. It then observes, on the basis of an excerpt from a study of court costs on the Office of Court Administration's website, that "the money collected for a 'prosecutor's fee' remains 'with the County (or the City) and is directed to the County's (or City's) General Fund.' "[1] Id. The opinion states, "Money in a county's general fund can be spent for 'any proper county purpose.' " Id. (quoting Tex. Att'y Gen. Op. No. JM-530 (1986) (concluding money returned to county's general fund may be spent "for any proper county purpose") ). Citing to Salinas , the panel opinion then incorrectly opines, " Article 102.008(a) does not direct that the $25 prosecutor's fee be expended for criminal justice purposes," and it concludes that, therefore, " article 102.008(a) is unconstitutional to the extent it allocates funds to the county's general fund because those funds allow spending for purposes other than legitimate criminal justice purposes in violation of the separation of powers provision of the Texas Constitution." Id. at 5, at *7.
The statutory scheme relating to this fee is, however, more complex than the panel opinion acknowledges, and Salinas is more nuanced than its portrayal in the panel opinion.
As the Court of Criminal Appeals stated in Salinas , a violation of the Separation of Powers provision occurs "when one branch of government assumes or is delegated a power 'more properly attached' to another branch." 523 S.W.3d at 106-07 (op. on reh'g) (quoting Ex parte Lo , 424 S.W.3d 10, 28 (Tex. Crim. App. 2014) ). Since tax-gathering is assigned to the executive branch, rather than to the judicial branch, a statute imposing the collection of a fee by the courts can operate to turn the courts into tax gatherers unless the statute provides for an allocation of the fee to be expended for "legitimate criminal justice purposes." Id. at 107 (quoting Peraza , 467 S.W.3d at 517 ). The court continued, "What constitutes a legitimate criminal justice purpose is a question to be answered on a statute-by-statute/case-by-case basis. And the answer to that question is determined by what the governing statute says about the intended use of the funds, not whether funds are actually used for a criminal justice purpose." Id. (emphasis added) (citing Peraza , 467 S.W.3d at 517-18, and Salinas v. State , 464 S.W.3d 363, 368 (Tex. Crim. App. 2015) ).
*519 In Salinas , the Court of Criminal Appeals declared a portion of Local Government Code section 133.102 facially unconstitutional and in violation of the Separation of Powers Clause of the Texas Constitution because, at the time of that case, funds collected under the statute went to the State's General Revenue Fund and were then allocated to multiple accounts, including an account for "abused children's counseling." 523 S.W.3d at 107. A program for "abused children's counseling" no longer existed, so the funds allocated to that account reverted to the General Revenue Fund, where they could be used for any purpose, rather than being directed to a statutorily-specified criminal justice purpose.[2] See id.ids="12385054" index="119" url="https://cite.case.law/sw3d/523/103/"> at 109-10. That is not the case here.
Unlike the "abused children's counseling" fee at issue in Salinas , which reverted to the General Revenue Fund and could be distributed for any purpose because there was no statute currently directing the use of the fund for a criminal justice purpose, here an "interconnected" series of statutes directs the prosecutor's fee provided for in article 102.008 to be deposited into a fund in the county treasury and used to pay the prosecuting attorney's salary and expenses. This accords with the Texas Constitution, which directs that the prosecutor's fee be deposited into the county treasury in the account of the proper fund.
Specifically, article XVI, section 61 of the Texas Constitution provides, in relevant part:
(a) All district officers in the State of Texas and all county officers in counties having a population of twenty thousand (20,000) or more, according to the then last preceding Federal Census, shall be compensated on a salary basis.
....
(d) All fees earned by district, county and precinct officers shall be paid into the county treasury where earned for the account of the proper fund, provided that fees incurred by the State, county and any municipality, or in case where a pauper's oath is filed, shall be paid into the county treasury when collected and provided that where any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the treasury or the county as the Commissioners Court may direct.
TEX. CONST . art. XVI, § 61 (a), (d).
The district attorney is a district officer. See Tex. Att'y Gen. Op. No. MW-252, at *2 (1980) (citing *520 Tex. Att'y Gen. Op. No. H-656 (1975) (concluding that district attorney is district, not county, officer) ). Therefore, pursuant to article XVI, section 61, fees earned by a district officer, such as the "prosecutor's fee" provided for in article 102.008(a), must be paid into the account of the proper fund, rather than being paid personally to the prosecuting attorney.[3] TEX. CONST . art. XVI, § 61 (d). The Texas Local Government Code provides that "[a] district ... officer who is paid an annual salary shall charge and collect in the manner authorized by law all fees, commissions, and other compensation permitted for official services performed by the officer. The officer shall dispose of the collected money as provided by Subchapter B, Chapter 113." TEX. LOC. GOV'T CODE ANN . § 154.003 (West 2008).
Subchapter B, Chapter 113 provides that the "fees, commissions, funds, and other money belonging to a county shall be deposited with the county treasurer by the person who collects the money." Id. § 113.021(a) (West Supp. 2017). Once the funds are deposited with the county treasurer, the treasurer is directed by statute to "deposit the money in the county depository in the proper fund to the credit of the person or department collecting the money," here to the officer's salary fund. See id. § 113.021(b); see also Tex. Att'y Gen. Op. No. GA-0636, at *2 (2008) (noting that any "fees, commissions, or other compensation collected by an officer who is paid on a salary basis are deposited by the treasurer in the applicable salary fund created by Local Government Code chapter 154, which governs the compensation of district, county, and precinct officers paid on a salary basis").
Local Government Code Chapter 154 directs the county treasurer to create a salary fund for each district, county, and precinct officer to be known as the "(officer's title ) salary fund of (name of county ) County, Texas." TEX. LOC. GOV'T CODE ANN . § 154.042(a) (West 2008). The purpose of the fund is to pay "the salary of the officer," "the salaries of the officer's deputies, assistants, clerks, stenographers, and investigators," and "authorized and approved expenses of the office of the officer." Id. § 154.042 (a)(1)-(3). The salary fund must be "deposited in the county depository," "kept separate from other county funds," and "protected to the same extent and draw the same interest as other county funds." Id. § 154.042(b) ; Tex. Att'y Gen. Op. No. DM-199, at *2 (1993).
The Local Government Code also authorizes the commissioner's court, at its first regular meeting of the fiscal year, to order that the funds which would otherwise be deposited into an officer's salary fund be deposited into the general fund of the county. See TEX. LOC. GOV'T CODE ANN . § 154.007(a) (West 2008); Tex. Att'y Gen. Op. No. DM-199, at *2. However, if the funds are dedicated by statute to compensate the officer, the commissioners court is not authorized to divert the funds to other uses. See Tex. Att'y Gen. Op. No. DM-199, at *3 (concluding that although motor vehicle registration fees collected by county tax assessor-collector were deposited in county's general fund, they could only be used by commissioner's court to compensate tax assessor-collector for services relating *521 to registration of vehicles because fees were dedicated by statute to that purpose).
Local Government Code section 113.047 provides that "[a]fter the deposit of funds in a county depository, an officer in a county with a population of 190,000 or more may draw checks on the county treasurer to disburse the funds as payment for a salary or expenses authorized by law...." TEX. LOC. GOV'T CODE ANN . § 113.047 (West 2008) ; Tex. Att'y Gen. Op. No. JM-1074, at *4 (1989). And section 154.043(a) permits "[a] district, county, or precinct officer [to] issue a warrant against the salary fund to pay the salary of an employee whose salary may be paid from the fund." TEX. LOC. GOV'T CODE ANN . § 154.043(a) (West 2008). "It is therefore clear that fees formerly deposited in officers' salary funds are available to fund the office of the county officer who collected the funds even after their deposit in the county general fund." Tex. Att'y Gen. Op. No. DM-199, at *3.
The prosecutor's fee in the instant case is distinguishable from the "abused children's counseling" fee at issue in Salinas because Texas law directs the fee to be expended as compensation for the prosecuting attorney. Appellant's argument that article 102.008(a) is facially unconstitutional because a website reflects that the prosecutor's fee is directed to the county's general fund is unavailing because it fails to account for interrelated statutory provisions directing the fees to a salary fund to be used for a legitimate criminal justice purpose. See Yazdchi v. State , 428 S.W.3d 831, 837 (Tex. Crim. App. 2014) (stating that, when interpreting statutes, courts presume that Legislature intended for entire statutory scheme to be effective). Appellant also overlooks statutory authority permitting the general fund to function as a salary fund for the district.
I would overrule appellant's third issue, contesting the constitutionality of article 102.008(a).
Conclusion
I would grant rehearing, withdraw the August 10, 2017 opinion insofar as it opines and rules upon the constitutionality of Texas Code of Criminal Procedure article 102.008(a), supplement that part of the August 10, 2017 opinion with this opinion, and I would affirm the judgment of the trial court in its entirety.

See Office of Court Administration, Study of the Necessity of Certain Court Costs and Fees in Texas (Sept. 1, 2014), at 6-7 in Criminal Court Cost Section (Fee No. 13, "Prosecutor's Fee"), http://www.txcourts.gov/media/495634/SB1908-ReportFINAL.pdf.

The Court of Criminal Appeals stated:
[A]lthough the "abused children's counseling" account originally funded a program for abused children's counseling, the program to which the funds are directed no longer exists and the funds revert to the General Revenue Fund. We cannot uphold the constitutionality of funding this account through court costs on the basis of its name or its former use when all the funds in the account go to general revenue. Consequently, the allocation of funds to the "abused children's counseling" account does not currently qualify as an allocation of funds "to be expended for legitimate criminal justice purposes." To the extent that § 133.102 allocates funds to the "abused children's counseling" account, it is facially unconstitutional in violation of the Separation of Powers provision of the Texas Constitution.
Salinas v. State , 523 S.W.3d 103, 110 (Tex. Crim. App. 2017). The Court of Criminal Appeals also held that section 133.102 's requirement that a portion of the cost collected be directed to the "comprehensive rehabilitation" account was facially unconstitutional because this account was created to provide rehabilitation services to qualified individuals, but this program did not relate in any way to criminal justice. Id. at 108-09.

Code of Criminal Procedure article 102.007 provides an exception, allowing the district attorney to collect a fee for processing hot checks. See Tex. Code Crim. Proc. Ann . art. 102.007(a) (West 2018). These funds are "deposited in the county treasury in a special fund to be administered by the county attorney, district attorney, or criminal district attorney," and expenditures from the fund "shall be at the sole discretion of the attorney and may be used only to defray the salaries and expenses of the prosecutor's office." Id. § 102.007(f).