**Affirm and Opinion Filed May 3, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00814-CR**

**EX PARTE SAMUEL ASHTON MILLS**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-81922-2022**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Breedlove
Opinion by Justice Pedersen, III

Samuel Ashton Mills appeals the trial court's August 12, 2022 order denying his pretrial petition for writ of habeas corpus. Appellant is accused of violating section 21.16(b) of the Texas Penal Code, which prohibits disclosure of certain visual material colloquially known as "revenge porn." *See* TEX. PENAL CODE ANN. § 21.16(b). In three issues, appellant contends that this statute is a content-based restriction on speech that (1) fails to satisfy strict scrutiny under the First Amendment, and (2) likewise fails to satisfy strict scrutiny under the Texas Constitution, and (3) is overbroad. We affirm the trial court's order denying relief.

## BACKGROUND

The indictment in this case charges that appellant did:

> with the intent to harm C.M., and without the effective consent of C.M., hereafter styled the complainant, disclose visual material, namely photograph and photographic reproduction that contains a photograph, depicting the complainant with her female nipple exposed, and, at the time of the disclosure of said visual material, the defendant knew or had reason to believe that the visual material was obtained by the defendant and created under circumstances in which the complainant had a reasonable expectation of privacy that the visual material would remain private, and the disclosure of the visual material caused harm to the complainant, namely harm to the complainant's reputation, and the disclosure of the visual material revealed the identity of the complainant, namely by showing the complainant's face.

*See* PENAL § 21.16(b). After he was charged, appellant filed his Petition for Writ of Habeas Corpus, arguing that section 21.16(b) is facially invalid under the First Amendment and the Texas Constitution.

The trial court held a hearing on appellant's writ application and, at the end of that hearing, denied relief. This appeal followed.

## SECTION 21.16(b)

The Texas Legislature first passed a statute titled Unlawful Disclosure or Promotion of Intimate Visual Material in 2015; that statute was amended in 2017 (the 2017 Statute), and again in 2019 (the 2019 Statute). In all of its iterations, the statute has restricted, under certain circumstances, the disclosure of visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct. PENAL § 21.16(b)(1).

–2–

The 2017 Statute was challenged a number of times in Texas courts as an unconstitutional restriction of free speech. Addressing such a challenge in 2018, the Tyler Court of Appeals held that the 2017 Statute was a content-based restriction of free speech that failed strict scrutiny and was overbroad under the First Amendment. *Ex parte Jones*, No. 12-17-00346-CR, 2018 WL 2228888, at *8 (Tex. App.—Tyler May 16, 2018), rev'd and remanded, No. PD-0552-18, 2021 WL 2126172 (Tex. Crim. App. May 26, 2021) (per curiam) (not designated for publication). Employing a relatively detailed hypothetical, the Tyler court identified a number of problems it found with the 2017 Statute, including the fact that it did not require the actor to have any reason to know about circumstances indicating the depicted person had a reasonable expectation that the material would remain private. Nor did the 2017 Statute require any intent to harm the person depicted; it required only an intentional disclosure. *Id.* at *6.

On appeal, the Texas Court of Criminal Appeals reversed the Tyler court, concluding that "[a]lthough Section 21.16(b) is a content-based restriction, it is nevertheless narrowly tailored to serve a compelling governmental interest, namely, protecting sexual privacy," and that—when properly construed—the 2017 Statute was not overbroad. *Ex parte Jones*, No. PD-0552-18, 2021 WL 2126172, at *17 (Tex. Crim. App. May 26, 2021) (per curiam) (not designated for publication).[1]

---

[1] The Court of Criminal Appeals' opinion in *Jones* (estimated by Westlaw to be 45 pages long) sets forth the detailed analysis that court employed in determining the constitutionality of section 21.16(b) in

In 2019, while *Jones* was on appeal to the Court of Criminal Appeals, the Texas Legislature amended section 21.16(b) in an apparent attempt to address the Tyler court's concerns with the statute. The legislature removed the requirement of intentional disclosure and replaced it with the requirement of disclosure with an intent to harm the depicted person. And while the 2017 Statute had included this circumstance necessary for the offense: "the visual material was obtained by the person or created under circumstances in which the depicted person had a reasonable expectation that the visual material would remain private," the 2019 amendments added the requirement that—at the time of the disclosure—the actor know or have reason to know of that circumstance.[2]

---

the 2017 Statute. However, as our citation indicates, the Court of Criminal Appeals designated its *Jones* opinion as "do not publish." This means that the opinion has "no precedential value and must not be cited as authority by counsel or a court." TEX. R. APP. P. 77.3. Some courts addressing a similar constitutional challenge to section 21.16(b) have simply stated that they "adopt" the reasoning in *Jones*. *See Ex parte Limberger*, No. 01-21-00532-CR, 2023 WL 2655749, at *2 (Tex. App.—Houston [1st Dist.] Mar. 28, 2023, no pet. h.) (per curiam) (mem. op., not designated for publication); *Ex parte Mora*, 634 S.W.3d 255, 256 (Tex. App.—Houston [1st Dist.] 2021, pet. ref'd); *Ex parte McGregor*, No. 01-18-00346-CR, 2021 WL 6067349, at *4 (Tex. App.—Houston [1st Dist.] Dec. 23, 2021, no pet.) (mem. op., not designated for publication). In *Ex parte Fairchild-Porche*, another sister court essentially tracked the Court of Criminal Appeals' *Jones* opinion and its cited authority, without citing *Jones* itself. 638 S.W.3d 770 (Tex. App.—Houston [14th Dist.] 2021, no pet.). As a practical matter, much of our analysis in this case should draw from the *Jones* analysis. But given the procedural constraint against citing the opinion, we follow its reasoning where appropriate—along with the reasoning "adopted" by other intermediate appellate courts—through our references to "Texas courts" and our citations to *Fairchild-Porche*.

[2] This excerpt shows the language added (underlined and bold) and deleted (struck through) to section 21.16(b) by the 2019 amendments:

> A person commits an offense if:
>
> (1) without the effective consent of the depicted person **and with the intent to harm that person**, the person discloses visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct;

–4–

Appellant was charged with a violation of section 21.16(b) in its current form, i.e., including its amendment by the Texas Legislature in 2019. The entire 2019 Statute states:

A person commits an offense if:

(1) without the effective consent of the depicted person and with the intent to harm that person, the person discloses visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct;

(2) at the time of the disclosure, the person knows or has reason to believe that the visual material was obtained by the person or created under circumstances in which the depicted person had a reasonable expectation that the visual material would remain private;

(3) the disclosure of the visual material causes harm to the depicted person; and

(4) the disclosure of the visual material reveals the identity of the depicted person in any manner, including through:

(A) any accompanying or subsequent information or material related to the visual material; or

(B) information or material provided by a third party in response to the disclosure of the visual material.

PENAL § 21.16(b).

## STANDARD OF REVIEW

A defendant may seek a pretrial writ of habeas corpus to challenge the facial constitutionality of a statute, i.e., to attack the validity of the statute itself. *See Peraza*

---

(2) **at** the **time of the disclosure, the person knows or has reason to believe that the** visual material was obtained by the person or created under circumstances in which the depicted person had a reasonable expectation that the visual material would remain private;

PENAL § 21.16(b) (1), (2). No other subsections were changed in 2019.

*v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). Whether a statute is facially constitutional is a question of law that we review de novo. *Salinas v. State*, 464 S.W.3d 363, 366 (Tex. Crim. App. 2015). When the constitutionality of a statute is attacked, we usually begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Ex parte Lo*, 424 S.W.3d 10, 14–15 (Tex. Crim. App. 2013). Ordinarily, the burden rests upon the party challenging the statute to establish its unconstitutionality. *Id.* at 15. However, when the government seeks to impose punishment for content-based speech, we reverse these standards: content-based regulations are presumptively invalid, and the government bears the burden to rebut that presumption. *Id.* at 15.

## DISCUSSION

Appellant challenges the 2019 Statute in three issues. His first and second issues contend that the statute does not satisfy the strict scrutiny standard under the First Amendment or the Texas Constitution. His third issue argues that the 2019 Statute is overbroad.

### Strict Scrutiny

The trial court concluded that the 2019 Statute "regulates content-based speech and strict scrutiny analysis applies" when adjudging its constitutionality. Neither party challenges that conclusion. A law that regulates speech will satisfy strict scrutiny if it is necessary to serve a compelling state interest and if it is narrowly drawn. *Lo*, 424 S.W.3d at 15. Texas courts have concluded that the sexual

privacy protected by the 2017 Statute is a compelling government interest. *See Fairchild-Porche*, 638 S.W.3d at 783. Neither party disputes that the same compelling privacy interest underlies the 2019 Statute. Thus our focus in the strict-scrutiny analysis focuses on the requirement that the 2019 Statute be narrowly drawn. A regulation of speech is narrowly drawn if it uses the least restrictive means possible of achieving the compelling government interest. *Lo*, 424 S.W.3d at 15–16.

*The First Amendment Challenge*

In his first issue, appellant contends that the 2019 Statute fails a strict scrutiny challenge under the First Amendment's guarantee of free speech because the statute is not narrowly drawn in three ways.

1. <u>No culpable mental state for lack of effective consent</u>

Appellant argues that the statute attaches no culpable mental state to the circumstance "without the effective consent of the depicted person." PENAL § 21.16(b)(1). The same challenge was made to the 2017 Statute, and Texas courts employed the following analysis:

- Intentional disclosure of intimate visual material is a constitutionally protected act, not a criminal one. The 2017 Statute criminalized that conduct only in the presence of three circumstances, one of which was lack of effective consent by the depicted person.[3] Absent a culpable mental state for that circumstance, the intentional disclosure would effectively be an unconstitutional strict-liability crime. *Fairchild-Porche*, 638 S.W.3d at 784.

---

[3] The other two circumstances of conduct were the depicted person's reasonable expectation of privacy and identification of that person in the disclosed material. We address these circumstances of conduct in response to appellant's issues below.

- The "intentional" mental state attached to disclosure of the material cannot apply grammatically to the lack of effective consent; in addition, the Penal Code does not permit an intentional mental state to apply to a circumstance of conduct. *Id.* at 784–85 (citing PENAL § 6.03(b)).

- Courts may infer an appropriate mental state to avoid a statute's becoming an unconstitutional strict-liability crime. *See id.* at 785 (citing PENAL § 6.02(b) ("If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.")).

Based on this reasoning, the 2017 Statute was "susceptible to a narrowing construction as a matter of statutory interpretation that allow[ed] it to survive a constitutional challenge," and Texas courts have "presum[ed] the Legislature intended the existence of the requisite culpable mental state of knowledge or recklessness as to the lack-of-consent element." *Id.* at 787.

Appellant argues that the 2019 Statute is not similarly susceptible to this type of narrowing construction because "[w]hile the 2017 version lacked an express mental state that would make intentional disclosure criminal, in 2019 the legislature expressly assigned a mental state that made disclosure criminal—'intent to harm.'"

We agree that, in 2019, the legislature changed the section 26.16(b) offense from one based on the nature of the actor's conduct (i.e., intentional disclosure of intimate material) to one based on the result of his conduct (i.e., disclosure of intimate material with intent to cause harm). *See generally* PENAL at § 6.03. However we cannot agree with appellant's unsupported assertion that this change rendered the act of disclosure of otherwise-protected intimate material criminal.

Conduct does not lose its First Amendment protection merely because the actor intends to annoy, harass, alarm, abuse, torment, or embarrass the recipient. *Sanchez v. State*, 995 S.W.2d 677, 688 (Tex. Crim. App. 1999) (citing *Long v. State*, 931 S.W.2d 285, 292, 296 (Tex. Crim. App. 1996)). The 2019 Statute's prohibited act—disclosure of intimate visual material with an intent to harm—does not, standing alone, describe criminal conduct. And yet, it is apparent from the legislature's imposition of the "intent to harm" mental state that it did not intend to "dispense[] with any mental element." *See* PENAL § 6.02(b). Accordingly, the circumstances incorporated into the 2019 Statute by the legislature must render the prohibited act criminal, and a culpable mental state must apply to those circumstances. *See Fairchild-Porche*, 638 S.W.3d at 784. We may infer an appropriate culpable mental state to avoid the statute's becoming an unconstitutional strict-liability crime. *Id.* at 785.

The plain language of the 2019 Statute does not support a conclusion that an intentional mental state is the appropriate one for the without-consent circumstance. The 2019 Statute—as the 2017 Statute did—ties intentionality only to an aspect of disclosure, not to the circumstances surrounding that disclosure. The same grammatical analysis used by Texas courts analyzing the 2017 Statute establishes that the placement of the "without effective consent" language at the beginning of the statute prevents our "reading 'intentionality' backwards up the Statute." *Id.* at

784–85. And again, the Penal Code does not permit an intentional mental state to be assigned to a circumstance of conduct. PENAL § 6.03(a).

We conclude that the legislature's amendments to the 2019 Statute did not change the proper analysis of section 21.16(b)'s requirement that disclosure be made "without the effective consent of the depicted person." The 2019 Statute remains susceptible to a narrowing construction that allows it to survive a constitutional challenge. Therefore, we will continue to presume that the legislature intended the requisite culpable mental state of knowledge or recklessness as to the lack-of-consent element. *Id.* at 787.

2.     <u>No culpable mental state for revealing the identity of the depicted person</u>

Appellant complains similarly that the 2019 Statute does not include a culpable mental state with respect to whether the actor's disclosure "reveals the identity of the depicted person in any manner," and we agree that the text does not. The absence of a culpable mental state for this circumstance of conduct was also challenged in the 2017 Statute. In response, Texas courts concluded that the statute did not unambiguously intend strict liability on this identification element, relying on the fact that the actor "must intentionally disclose the material, and it is that intentional disclosure . . . that must reveal the identity of the depicted person."

Appellant argues that because the legislature removed section 21.16(b)(1)'s requirement that the disclosure be intentional, it no longer follows that a culpable mental state should be read into the identification element. We agree with appellant

–10–

that an intentional disclosure is not the same as a disclosure made with the intent to harm. But the Texas courts' original reasoning on this issue remains helpful. That reasoning was essentially fact-based. The courts analyzing the 2017 Statute focused on the actor's intent—his conscious objective or desire—to disclose the intimate visual material. They reasoned that an actor with the conscious objective of disclosing the intimate material would know, or would at least be reckless as to, the fact that the depicted person was indeed identified in the material. *See id.* at 789. The 2019 Statute now requires that the actor has the conscious objective or desire that the depicted person will be harmed by his disclosure of the intimate material. We understand this 2019 requirement to be an even stronger factual indicator that the legislature intended a culpable mental state to attach to the identification element: an actor intending to harm the depicted person will almost certainly know whether the material he discloses identifies the target of his effort. Thus, although the offense has changed from a nature-of-conduct offense to a result-of-conduct offense, we conclude that this circumstance surrounding the conduct is susceptible to a narrowing construction that allows it to survive a constitutional challenge. We will presume that the legislature intended the requisite culpable mental state of knowledge or recklessness as to the revelation-of-identity element. *See id.*

3.    <u>No requirement of an actual expectation of privacy</u>

Appellant argues that the 2019 amendment of section 21.16(b)(2) has transformed "a purely *circumstance* element" into a "purely *mental-state* element."

–11–

The amendment added a mental-culpability requirement (in bold type below) to the original circumstance-of-conduct element, so that the subsection now reads:

> (2) **at the time of the disclosure, the person knows or has reason to believe that** the visual material was obtained by the person or created under circumstances in which the depicted person had a reasonable expectation that the visual material would remain private.

Appellant argues that the State's burden under this amended element is merely to prove what the defendant "knows or has reason to believe" about the circumstances described, rather than whether the circumstances actually exist. And appellant contends that this burden would create criminal liability for a defendant "who merely believes" the depicted person had a reasonable expectation of privacy in the material. We disagree on both counts.

It is helpful to note that the 2017 Statute was challenged for *not* having a mental culpability requirement connected to the expectation-of-privacy circumstance. In response to that challenge, Texas courts concluded that the text of the 2017 Statute limited its scope in the same fashion that a culpable mental state would limit it. *See id.* at 787. The plain language of the statute required that the State prove "circumstances in which the depicted person had a reasonable expectation that the visual material would remain private," and that evidence would "necessarily" be the same evidence required "to establish that the defendant knew or was at least aware of a substantial risk" that those circumstances existed. *Id.* Accordingly, those courts concluded that—although they could presume a legislative intent to apply a

knowing or reckless mental state to this element—it was unnecessary to do so. *Id.* at 787–88.

By amending the statute in 2019 to require proof that the defendant "knew or had reason to believe" the circumstance of a reasonable expectation of privacy, the legislature made its original understanding explicit: a culpable mental state was indeed attached to this element; what was required was knowing conduct by the defendant. The amendment did not change the effect of the text of the statute, because evidence that the defendant knew that the depicted person held a reasonable expectation the material would remain private would necessarily include evidence of the depicted person's expectations. However, merely reckless conduct concerning the depicted person's expectations will no longer suffice for liability; the defendant must know or have reason to believe the depicted person reasonably expected the material would remain private.

Finally, we reject appellant's argument that the amendment's "reason to believe" language suggests that a defendant may be convicted when he merely believes—perhaps even incorrectly—that the depicted person had a reasonable expectation of privacy. The amendment does not speak to a purely subjective belief by the actor. It requires proof of a reason to believe, i.e., a reasonable belief. "The 'reasonable belief' standard is an objective standard." *Sim v. State*, No. 05-14-01272-CR, 2016 WL 347051, at *6 (Tex. App.—Dallas Jan. 28, 2016, no pet.) (mem. op., not designated for publication); *see also* PENAL § 1.07(42) ("'Reasonable

–13–

belief' means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor."). Texas courts held that the original language of this element survived constitutional scrutiny; we conclude that the legislature made the element more difficult for the State to prove—therefore, more narrowly tailored— by requiring proof of objective knowledge of the depicted person's reasonable expectation. Knowing conduct is the most stringent level of culpability the Penal Code allows for a circumstance-of-conduct element. PENAL § 6.03. We conclude the 2019 amendment assured that a defendant was convicted only if the depicted person had an actual reasonable expectation of privacy.

*The Texas Constitution Challenge*

Appellant's challenge to the 2019 Statute under the Texas Constitution, raised in his second issue, is based on that document's guarantee of freedom of speech and the press:

> Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.

Tex. Const. art. I, § 8. Appellant asserts that this provision "provides greater speech protection than the First Amendment," citing *Matthews v. Wozencraft*, 15 F.3d 432, 440 (5th Cir. 1994), which in turn cites *Davenport v. Garcia,* 834 S.W.2d 4, 8 (Tex. 1992), as authority for that assertion. However, the Texas Supreme Court has not interpreted this provision of the Texas Constitution more broadly than the First Amendment in any case that does not involve an issue of a prior restraint on free

–14–

speech. *Tex. Dep't of Transp. v. Barber*, 111 S.W.3d 86, 106 (Tex. 2003). Appellant's case does not involve an issue of a prior restraint on free speech. Nor has appellant shown any reason—based on "the text, history, or purpose" of article I, section 8—to expand the protections afforded beyond those provided by the First Amendment. *See id.* (stating article I, section 8 "may be more protective of speech in some instances than the First Amendment, . . . but if it is, it must be because of the text, history, and purpose of the provision, not just simply *because.*" (quoting *Operation Rescue–National v. Planned Parenthood of Houston & Southeast Texas, Inc.*, 975 S.W.2d 546, 559 (Tex.1998))). Because appellant has not articulated any cognizable reason why the Texas Constitution would be more protective of free-speech rights than the First Amendment in this case, we assume that the constitutional protections are identical. *See Pruett v. Harris Cnty. Bail Bond Bd.*, 249 S.W.3d 447, 455 n.5 (Tex. 2008). We reject appellant's challenge to the 2019 Statute's constitutionality based upon the Texas Constitution.

\*\*\*

We have ruled against appellant on each of his three challenges to the 2019 Statute based upon the First Amendment. We have rejected his challenge to the statute based upon the Texas Constitution. We agree with the Texas courts that have opined that "there is no way to adequately prevent the harm from disclosure of intimate material without restricting the disclosure of intimate material." *Fairfield-Porche*, 638 S.W.3d at 791. We conclude that the restrictions on disclosure in the

–15–

2019 Statute are drawn narrowly, only criminalizing disclosures of intimate material: that are specifically intended to harm the person depicted; that knowingly or recklessly both reveal the identity of that person and are made without that person's effective consent; that are made knowing of circumstances establishing that the person had a reasonable expectation the material would remain private; and that actually do cause harm to that person.

We conclude that the State has carried its burden to show that the 2019 Statute is narrowly tailored to those situations where government's compelling interest in protecting citizens' privacy is at stake. *See id.* at 792. We are aware of no less restrictive way to protect the public from such violations. Accordingly, the statute satisfies strict scrutiny. *See Lo*, 424 S.W.3d at 15–16. We overrule appellant's first and second issues.

### Overbreadth

In his third issue, appellant argues that the trial court erred by denying habeas relief because the 2019 Statute is overbroad under the First Amendment. "A law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 473 (2010) (quoting *Washington State Grange v. Washington State Republican Party,* 552 U.S. 442, 449, n.6 (2008)). Courts apply the overbreadth doctrine only as a last resort; the danger that the statute will be unconstitutionally applied—and will chill future free speech—must be

realistic and not based on "fanciful hypotheticals." *State v. Johnson*, 475 S.W.3d 860, 865 (Tex. Crim. App. 2015). "The person challenging the statute must demonstrate from its text and from actual fact 'that a substantial number of instances exist in which the Law cannot be applied constitutionally.'" *Ex parte Perry*, 483 S.W.3d 884, 902 (Tex. Crim. App. 2016) (quoting *New York State Club Ass'n v. City of New York,* 487 U.S. 1, 14 (1988)). In this case, the trial court concluded expressly that the 2019 Statute is not constitutionally overbroad.

Appellant makes a three-point argument under this heading. He argues initially that the 2019 Statute restricts constitutionally protected speech by regulating the disclosure of visual material depicting another person with the latter's intimate parts exposed or engaged in sexual conduct; we agree that the statute does restrict protected speech. Likewise, we agree with appellant's second point, that the 2019 Statute is not necessary to protect any of the categories of unprotected speech the United States Supreme Court has identified over time. *See, e.g., Stevens*, 559 U.S. at 468–69 (citing examples of such unprotected speech, including obscenity, defamation, incitement, and speech integral to criminal conduct). However, appellant reasons from these two premises that the 2019 Statute has *no* plainly legitimate sweep, relying on the arguments discussed above that the statute fails strict scrutiny. We have rejected those arguments and that conclusion.

A statute may be declared facially overbroad even if it satisfies strict scrutiny. *See Fairchild-Porche*, 638 S.W.3d at 792. But appellant's argument does not attempt

to demonstrate from the text of the 2019 Statute, or from actual fact, that a substantial number of instances exist in which the law cannot be applied constitutionally. *See Perry*, 483 S.W.3d at 902. The State points out appellant's failure to identify instances where the statute may be applied unconstitutionally. And it stresses that simply because a statute regulates protected speech does not mean that the statute is overbroad under the First Amendment; instead "[a]n overbroad statute covers a *substantial* amount of protected speech outside of its plainly legitimate sweep." *Ex parte Nuncio*, ___ S.W.3d ___, No. PD-0478-19, 2022 WL 1021276, at *8 (Tex. Crim. App. Apr. 6, 2022) (emphasis original).

Appellant replies that he is not required to identify potential unconstitutional applications of the 2019 Statute, contending that:

> Because the statute doesn't restrict unprotected speech, it has no plainly legitimate sweep whatsoever, and all of the speech that it restricts is protected. It therefore restricts a substantial amount of protected speech judged in relation to its plainly legitimate sweep. . . . [I]t isn't incumbent upon Appellant to list examples of "potential applications of the statute" that "might be applied to protected activity" . . . because, here, *all* applications of the statute apply to protected activity.

Appellant can make this argument only by ignoring the narrowing effect of the 2019 Statute's requirements that the defendant disclose the intimate material (1) within specific circumstances (including lack of effective consent, revealing the identity of the depicted person, and knowing that the person depicted had a reasonable expectation of privacy), (2) with an intent to harm, and (3) causing actual harm to the depicted person. The plainly legitimate sweep of the 2019 Statute is its

–18–

application within these textual limitations. Appellant has not identified a substantial number of situations when the statute could be applied unconstitutionally relative to this legitimate sweep. His argument fails to meet the exacting standard necessary to impose the "strong medicine" of overbreadth and to invalidate the 2019 Statute. *See Virginia v. Hicks*, 539 U.S. 113, 124 (2003).[4]

The State has established that the 2019 Statute is not subject to being stricken as overbroad. We overrule appellant's third issue.

## CONCLUSION

We conclude the trial court did not err in denying appellant's application for a pretrial writ of habeas corpus. We affirm the trial court's August 12, 2022 order denying that relief, and we remand this case for further proceedings.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

220814f.u05
Do Not Publish
TEX. R. APP. P. 47

---

[4] In his reply brief, appellant lists five "examples of conduct that is criminal under Section 21.16(b)," which he apparently believes show the statute to be overbroad. The examples are not detailed, but on their limited facts appear to fall well outside of the section's required elements of intent to harm (when the actor discloses material for pay rather than with an intent to harm, or when parents share a baby picture of a teenager or adult child with friends), or of causing actual harm (when the person depicted thinks showing the material to a third party is funny), or of knowing that the depicted person had a reasonable expectation of privacy (when a man is photographed "mooning" his neighbor). Appellant's examples do not identify a realistic concern of substantial unconstitutional applications of the statute; instead, they are essentially fanciful hypotheticals. *See Johnson*, 475 S.W.3d at 865.



# Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

EX PARTE  SAMUEL ASHTON
MILLS

NO. 05-22-00814-CR

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-81922-
2022.
Opinion delivered by Justice
Pedersen, III. Justices Garcia and
Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 3rd day of May, 2023