**Affirm and Opinion Filed June 13, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00029-CR**

### EX PARTE RAGHAVENDRA CHANAGOND

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-85405-2021**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Pedersen, III

Raghavendra Chanagond appeals the trial court's January 19, 2023 "Order on Defendant's Application for Writ of Habeas Corpus Challenging section 33.021(c) of the Texas Penal Code as Unconstitutional Under the First Amendment to the United States Constitution" (the Order), which denied his pretrial petition for writ of habeas corpus. Appellant is accused of violating section 33.021(c) of the Texas Penal Code, which prohibits and punishes an actor who uses electronic communications to solicit a minor to meet another person, including the actor, with the intent that the minor will engage in certain sexual behavior. TEX. PENAL CODE ANN. § 33.021(c). In two issues, appellant contends that this statute is an

unconstitutionally invalid content-based restriction on speech because: (1) it is overbroad, and (2) it is not the least restrictive means of accomplishing any legitimate interest and therefore fails to satisfy a strict scrutiny review. We affirm the trial court's Order denying relief.

## Background

The indictment in this case charges that appellant did:

> then and there, with the intent that Lee McMillian, representing himself to be Ava, hereafter styled the complainant, whom [appellant] believed to be a minor, would engage in sexual intercourse, and deviate sexual intercourse, with [appellant], knowingly solicit over the Internet, and by text message, and through a commercial online service the complainant to meet [appellant].

See PENAL § 33.021(c). Appellant filed his "Pretrial Application for Writ of Habeas Corpus Challenging section 33.021(c) of the Texas Penal Code as Unconstitutional Under the First Amendment to the United States Constitution" (the Application), arguing that section 33.021(c) is facially invalid.

The trial court held a hearing on the Application and, shortly thereafter, signed the Order denying relief. This appeal followed.

## Discussion

A defendant may seek a pretrial writ of habeas corpus to challenge the facial constitutionality of a statute, i.e., to attack the validity of the statute itself. *See Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). Whether a statute is facially constitutional is a question of law that we review de novo. *Salinas v. State*, 464 S.W.3d 363, 366 (Tex. Crim. App. 2015). When an appellant challenges the

constitutionality of a statute, we usually begin our review with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Ex parte Lo*, 424 S.W.3d 10, 14–15 (Tex. Crim. App. 2013). In that usual situation, the burden rests upon the appellant challenging the statute to establish its unconstitutionality. *Id.* at 15. However, when the government seeks to restrict and punish speech based upon its content, the usual presumption of constitutionality is reversed. *Id.* "Content-based regulations (those laws that distinguish favored from disfavored speech based on the ideas expressed) are presumptively invalid, and the government bears the burden to rebut that presumption." *Id.* Assigning the burden in this case, therefore, requires that we determine whether section 33.021(c) is in fact a content-based regulation on speech.

*Nature of the Statute*

Appellant argues that section 33.021(c) is a content-based restriction on speech that "restricts communications (text messages, electronic messages) based on their content (whether they 'solicit')."[1] We do not write on a blank slate on this issue. The court of criminal appeals has stated that section 33.021(c) does not restrict speech, rather "it is the *conduct* of requesting a minor to engage in illegal sexual acts that is the gravamen of the offense." *Lo*, 424 S.W.3d at 16–17 (emphasis in original).

---

[1] Appellant argues further that this restricted speech does not fall within any of the categories the United States Supreme Court has historically recognized as protected. Because we disagree with his premise that this statute restricts speech, we need not address this argument.

As the court reasoned, section 33.021(c) is a solicitation statute, the likes of which have been routinely upheld, because offers to engage in illegal transactions—such as sexual assault of a minor—are categorically excluded from First Amendment protection. *Id.* We have previously followed this ruling, concluding that section 33.021(c) addresses not protected speech, but conduct and, where communications are involved, unprotected speech. *Ex parte Griffin*, No. 05-22-00718-CR, 2022 WL 5113138, at *2 (Tex. App.—Dallas Oct. 5, 2022, pet. ref'd). And we have agreed with the court of criminal appeals that "[t]his sort of conduct enjoys little constitutional protection, and statutes forbidding such conduct have routinely been upheld against First Amendment challenges." *Id.* (citing *Lo*, 424 S.W.3d at 16.). Because we conclude that section 33.021(c) regulates only conduct and unprotected speech, we presume its validity, and we place the burden of demonstrating unconstitutionality on appellant. *See Lo*, 424 S.W.3d at 15.

*Overbreadth*

In appellant's first issue, he contends that section 33.021(c) is overbroad because it "forbids speech that is not an offer to engage in criminal activity." Again, we have concluded that conduct is at issue in this statute, not protected speech. But "[a] law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 473 (2010) (quoting *Washington State Grange v. Washington State Republican Party,* 552 U.S. 442, 449, n. 6 (2008)).

–4–

Section 33.021's plainly legitimate sweep involves protecting the physical and psychological well-being of minors, which is unquestionably a compelling government interest. *New York v. Ferber*, 458 U.S. 747, 756–57 (1982) ("The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance.").

A party challenging a statute as overbroad must demonstrate from its text and from actual fact that a substantial number of instances exist in which the statute cannot be applied constitutionally. *Ex parte Perry*, 483 S.W.3d 884, 902 (Tex. Crim. App. 2016.[2] Appellant's challenge argues that the statute forbids solicitations that do not include offers to engage in criminal activity. Appellant imagines two circumstances in which an adult could solicit lawful sexual conduct from a minor:

1. Sue, a 20-year-old woman texts her 16-year-old sister Ann, "Your boyfriend [who is also 16] is dreamy. Why don't you get together and … do it."

2. Twenty-year-old Bob's and 16-year-old Steve's families have been close for decades. The two men have known each other since childhood. They have fallen in love, and their families approve of their relationship but, respecting the law, they refrain from consummating the relationship. A week before Steve's birthday, Bob emails him, "I can't wait to see you next Saturday and finally make love to you."

---

[2] Ordinarily, our overbreadth analysis begins with the text of the statute. *See United States v. Williams*, 553 U.S. 285, 293 (2008) ("The first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers."). On its face, this statute prohibits and punishes an actor who uses electronic communications to solicit a minor, to meet another person, including the actor, with the intent that the minor will engage in certain sexual behavior. *Lo*, 424 S.W.3d at 16. In this case, appellant does not challenge the meaning or reach of any particular term within the statute or its purpose to protect minors from sexual predators.

The first example posits a situation in which an adult might encourage a minor to meet with someone with whom the minor could lawfully consent to sex, i.e., someone within three years of age of the minor. *See* PENAL § 33.021(e) ("It is a defense to prosecution under this section that at the time conduct described by Subsection (c) was committed: . . . the actor was not more than three years older than the minor and the minor consented to the conduct."). We can—for purposes of this opinion only—consider that such a scenario could fall literally within the reach of section 33.021(c). However, such a "solicitation" would necessarily be directed toward the minor by an adult who knew the minor well enough to know both her age and the age of her boyfriend; indeed, appellant's scenario involves a communication between sisters. This type of solicitation could not trigger law enforcement involvement as appellant's solicitation did: he allegedly contacted Detective McMillan believing the detective was a young girl. Appellant's first hypothetical solicitation would be addressed to a specific, known person. Given the remote possibility that such a communication would be brought to the attention of law enforcement, we are confident that the overbreadth problem would be cured through case-specific analysis of the fact situation, and the statute's sanctions would not be applied. *See Ferber*, 458 U.S. at 773–74.

Appellant's second example envisions an adult asking a minor to meet him for sex at a later date, after the minor could lawfully consent to sex with the adult. This scenario is concerning in a way the first scenario was not, because—as the State

points out—section 33.021(c) is violated when the solicitation is made. "The intent expressed in the bill analyses, the committee hearings, and the floor debate was that the crime of solicitation of a minor on the internet is complete at the time of the internet solicitation, rather than at some later time if and when the actor actually meets the child." *Lo*, 424 S.W.3d at 23. Accordingly, appellant's second hypothetical does not describe conduct that is lawful. While his precise scenario of the minor's being days away from his seventeenth birthday may mean that the likelihood of prosecution is remote, we do not consider it an example of section 33.021(c)'s improperly sweeping up lawful conduct within its plainly legitimate reach.

Regardless, a statute will not be susceptible to an overbreadth challenge merely because it is possible to imagine some unconstitutional applications. *United States v. Williams*, 553 U.S. 285, 303 (2008). We consider section 33.021(c) an example of a state statute "whose legitimate reach dwarfs its arguably impermissible applications." *See Ferber*, 458 U.S. at 773. "When a statute that is designed to protect children against predatory practices proscribes mostly speech that is not protected by the First Amendment but incidentally encompasses unusual situations that are protected by the First Amendment, the correct approach is to uphold the statute against an overbreadth challenge and deal with the unusual situations on an 'as applied' basis when they arise." *Ex parte Ingram*, 533 S.W.3d 887, 900 (Tex. Crim. App. 2017).

We conclude appellant has not established that section 33.021(c) is impermissibly broad when judged in relation to its plainly legitimate sweep. We overrule appellant's first issue.

*Strict Scrutiny*

In his second issue, appellant contends that section 33.021(c) fails review under the standard of strict scrutiny. This issue contemplates application of certain first principles of constitutional law. The First Amendment prohibits the enactment of laws "abridging the freedom of speech." U.S. CONST. amend. I. Thus, a government may not restrict expression because of its message, ideas, subject matter, or content. *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015). When a law does regulate protected speech, and that regulation is challenged, we review the regulation under varying standards of constitutional scrutiny; if the restriction is imposed on the content of protected speech, it is invalid unless the government can demonstrate that it passes strict scrutiny. *Brown v. Entm't Merchants Ass'n*, 564 U.S. 786, 799 (2011). To survive a strict scrutiny review, the regulation must be justified by a compelling government interest and be narrowly drawn to serve that interest. *Id.*

Appellant contends specifically that section 33.021(c) is not narrowly drawn to serve a compelling government interest. But we do not reach the question of how narrowly drawn the statute is because, as we concluded above, section 33.021(c) does not impose any regulation on protected content-based speech. Instead, it is a

regulation on conduct and unprotected speech that is categorically excluded from First Amendment protection. *Lo*, 424 S.W.3d at 16–17. Accordingly, the concept of strict scrutiny is simply not relevant to our review.

We overrule appellant's second issue.

## Conclusion

We affirm the trial court's January 19, 2023 Order denying appellant's Application for a writ of habeas corpus.

/Bill Pedersen, III//

BILL PEDERSEN, III
JUSTICE

230029f.u05
Do Not Publish
TEX. R. APP. P. 47



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

EX PARTE  RAGHAVENDRA
CHANAGOND

No. 05-23-00029-CR

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-85405-
2021.
Opinion delivered by Justice
Pedersen, III. Justices Goldstein and
Smith participating.

Based on the Court's opinion of this date, the January 19, 2023 Order of the
trial court is **AFFIRMED**.

Judgment entered this 13th day of June, 2023.